# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BAC LOCAL UNION 15 WELFARE FUND, et al.,<br><br>Plaintiffs<br>v.<br><br>WILLIAMS RESTORATION COMPANY, INC.,<br>Defendant. | Case No. 2:16-CV-2242-JTM-JPO<br><br>**WILLIAM RESTORATION COMPANY, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Williams Restoration Company, Inc. ("Williams") states and alleges the following for its Answer to the First Amended Complaint and in support of its Affirmative and Other Defenses:

## PRELIMINARY STATEMENT

Plaintiffs are four multiemployer funds and some of their Trustees, each asserting claims under Section 515 of the Employee Retirement Income Security Act (ERISA) for purportedly delinquent contributions allegedly due. Though all claims are alleged to arise out of the same operative set of facts and to address the same time period of January 1, 2013, to date, Plaintiffs have organized and numbered their allegations and "Counts" separately in a redundant and confusing manner, such that there are multiple paragraphs with duplicative numbers (e.g., four identically worded paragraph "1's"); multiple paragraphs incorporating those duplicated numbered paragraphs (e.g. Count II, ¶6 and Count III, ¶5); and multiple lettered paragraphs adopting a duplicative lettering scheme (e.g., four identically worded paragraphs "A" through "K"), which make no allegations against Williams at all.

Williams responds below to the Plaintiffs' numbering scheme in corresponding fashion, though only for purposes of addressing the Plaintiffs' First Amended Complaint. Unless

specifically admitted below, all allegations of the Plaintiffs' First Amended Complaint are generally denied pursuant to Federal Rule of Civil Procedure 8(b)(1)(3), and Williams specifically denies that the Plaintiffs are entitled to any of the relief sought in the First Amended Complaint.

**COUNT I**

The first, unnumbered paragraph of Count I of the First Amended Complaint contains legal conclusions and assertions to which Williams lacks sufficient information or knowledge to form a belief as to the truth of the same, and therefore Williams denies any allegations contained in the first unnumbered paragraph of Count I of the First Amended Complaint.

1. Williams admits that Plaintiff BAC Local Union 15 Welfare Fund and its putative trustees (collectively the "BAC Local 15 Welfare Fund") seek relief under Section 515 of ERISA and denies that Williams is liable for any amounts to the BAC Local 15 Welfare Fund or that the BAC Local 15 Welfare Fund is entitled to any of the relief sought. Williams denies any remaining allegations in Paragraph 1 of Count I of the First Amended Complaint.

2. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of Count I of the First Amended Complaint and therefore denies the same.

3. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3 of Count I of the First Amended Complaint and therefore denies the same.

4. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4 of Count I of the First Amended Complaint and therefore denies the same.

5. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 of Count I of the First Amended Complaint and therefore denies the same.

6. Williams denies the allegations of Paragraph 6 of Count I of the First Amended Complaint.

7. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 of Count I of the First Amended Complaint and therefore denies the same.

8. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 8 of Count I of the First Amended Complaint and therefore denies the same.

9. Williams denies the allegations in Paragraph 9 of Count I of the First Amended Complaint.

10. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 of Count I of the First Amended Complaint.

11. Williams denies the allegations in Paragraph 11 of Count I of the First Amended Complaint.

12. Williams denies the allegations of Paragraph 12 of Count I of the First Amended Complaint as stated because Paragraph 12 alleges the contents of certain unnamed collective bargaining agreements without attaching such collective bargaining agreements to the First Amended Complaint. The collective bargaining agreements' requirements (or lack thereof) are subject to dispute in this action, and therefore Williams denies the remaining allegations in Paragraph 12 of Count I of the First Amended Complaint.

13. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 of Count I of the First Amended Complaint.

14. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 of Count I of the First Amended Complaint.

15. To the extent the allegations of Paragraph 15 of Count I of the First Amended Complaint are directed at Fox Holdings, Inc., Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 15 of Count I of the First Amended Complaint and therefore denies the same. Williams denies the remaining allegations of Paragraph 15 of Count I of the First Amended Complaint.

16. To the extent the allegations of Paragraph 16 of Count I of the First Amended Complaint are directed at Fox Holdings, Inc., Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 16 of Count I of the First Amended Complaint and therefore denies the same. Williams denies the remaining allegations of Paragraph 16 of Count I of the First Amended Complaint.

17. Williams denies the allegations of Paragraph 17 of Count I of the First Amended Complaint as stated because Paragraph 17 alleges the contents of certain unnamed collective bargaining agreements without attaching such collective bargaining agreements to the First Amended Complaint. The collective bargaining agreements' requirements (or lack thereof) are subject to dispute in this action, and therefore Williams denies the remaining allegations in Paragraph 17 of Count I of the First Amended Complaint.

18. Williams denies the allegations of Paragraph 18 of Count I of the First Amended Complaint.

19. Williams admits that Section 209 of ERISA, 29 U.S.C. §1059, places certain recordkeeping requirements upon employers and that Williams kept all records in accordance with 29 U.S.C. §1059. Williams denies the remaining allegations in Paragraph 19 of Count I of the First Amended Complaint.

20. To the extent the allegations of Paragraph 20 of Count I of the First Amended Complaint are directed at Fox Holdings, Inc., Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 20 of Count I of the First Amended Complaint and therefore denies the same. Williams admits that its books and records have been previously audited and denies the remaining allegations in Paragraph 20 of Count I of the First Amended Complaint.

21. As alleged, Williams denies the allegations in Paragraph 21 of Count I of the First Amended Complaint.

22. Williams denies the allegations in Paragraph 22 of Count I of the First Amended Complaint.

23. Williams admits that the BAC Local 15 Welfare Fund claims in its First Amended Complaint that this action is brought under Section 515 of ERISA and denies the remaining allegations of Paragraph 23 of Count I of the First Amended Complaint.

24. Williams denies the allegations in Paragraph 24 of Count I of the First Amended Complaint.

The prayer for relief following Paragraph 24 of Count I of the First Amended Complaint, specifically paragraphs A-K, contain no factual allegations that Williams can admit or deny. To the extent necessary, Williams denies that it is liable to the BAC Local Union 15 Welfare Fund

and denies that the BAC Local 15 Welfare Fund is entitled to any of the relief sought in Count I of the First Amended Complaint.

**COUNT II**

The first, unnumbered paragraph of Count II of the First Amended Complaint contains legal conclusions and assertions to which Williams lacks sufficient information or knowledge to form a belief as to the truth of the same, and therefore Williams denies any allegations contained in the first unnumbered paragraph of Count II of the First Amended Complaint.

1. Williams admits that Plaintiff BAC Local Union 15 Apprenticeship and Training Fund and its putative trustees (collectively the "BAC Local 15 Training Fund") seek relief under Section 515 of ERISA in the First Amended Complaint and denies that Williams is liable for any amounts to the BAC Local 15 Training Fund or that the BAC Local 15 Training Fund is entitled to any of the relief sought. Williams denies any remaining allegations in Paragraph 1 of Count II of the First Amended Complaint.

2. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of Count II of the First Amended Complaint and therefore denies the same.

3. Williams admits that on or about June 7, 2005, it executed a collective bargaining agreement with the Bricklayers and Allied Craftworkers Local Union No. 1 (the "Omaha Local No. 1") and denies the remaining allegations in Paragraph 3 of Count II of the First Amended Complaint.

4. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5. Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 of Count II of the First Amended Complaint and therefore denies the same.

6. Because this paragraph incorporates Paragraphs 1, 4-6, 9-17, and 19-24 of Count I of the First Amended Complaint and makes no new or other allegations, Williams incorporates by reference its responses to Paragraphs 1, 4-6, 9-17, and 19-24 of Count I of the First Amended Complaint in response to Paragraph 6 of Count II of the First Amended Complaint.

7. Williams denies the allegations in Paragraph 7 of Count II of the First Amended Complaint.

The prayer for relief following Paragraph 7 of Count II of the First Amended Complaint, specifically Paragraphs A-K, contains no factual allegations that Williams can admit or deny. To the extent necessary, Williams denies that it is liable to the BAC Local 15 Training Fund and denies that the BAC Local 15 Training Fund is entitled to any of the relief sought in Count II.

## COUNT III

The first, unnumbered paragraph of Count III of the First Amended Complaint contains legal conclusions and assertions to which Williams lacks sufficient information and knowledge to form a belief as to the truth of the same, and therefore Williams denies the allegations contained in the first unnumbered paragraph of Count III.

1. Williams admits that Bricklayers and Trowel Trades International Pension Fund and its putative trustees (collectively the "International Pension Fund") seek relief under Section 515 of ERISA and denies that Williams is liable for any amounts to the International Pension Fund or that the International Pension Fund is entitled to any of the relief sought. Williams

denies any remaining allegations contained in Paragraph 1 of Count III of the First Amended Complaint.

2. Williams is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 2 of Count III of the First Amended Complaint and therefore denies the same.

3. Williams is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 3 of Count III of the First Amended Complaint and therefore denies the same.

4. Williams admits that on or about June 7, 2005, it executed a collective bargaining agreement with the Omaha Local Union No. 1 and denies the remaining allegations in Paragraph 4 of Count III of the First Amended Complaint.

5. Because this paragraph incorporates Paragraphs 1, 4-6, 9-17, and 19-24 of Count I and makes no new or other allegations, Williams incorporates by reference its responses to Paragraphs 1, 4-6, 9-17, and 19-24 from its response to Count I in response to Paragraph 5 of Count III of the First Amended Complaint.

6. Williams denies Paragraph 6 of Count III of the First Amended Complaint.

The prayer for relief following Paragraph 6 of Count III of the First Amended Complaint, specifically Paragraphs A-K, contains no factual allegations that Williams can admit or deny. To the extent necessary, Williams denies that it is liable to the International Pension Fund and denies that the International Pension Fund is entitled to any of the relief sought in Count III.

## COUNT IV

The first, unnumbered paragraph of Count IV of the First Amended Complaint contains legal conclusions and assertions to which Williams lacks sufficient information and knowledge

to form a belief as to the truth of the same, and therefore Williams denies the allegations in the first unnumbered paragraph of Count IV of the First Amended Complaint.

1.  Williams admits that the International Masonry Institute and its putative trustees (collectively the "Masonry Institute") seek relief under Section 515 of ERISA in the First Amended Complaint and denies that Williams is liable for any amounts to the Masonry Institute or that the Masonry Institute is entitled to any of the relief sought. Williams denies any remaining allegations contained in Paragraph 1 of Count IV of the First Amended Complaint.

2.  Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of Count IV of the First Amended Complaint and therefore denies the same.

3.  Williams is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3 of Count IV of the First Amended Complaint and therefore denies the same.

4.  Williams admits that on or about June 7, 2005, it executed a collective bargaining agreement with Omaha Local Union No. 1 and denies the remaining allegations in Paragraph 4 of Count IV of the First Amended Complaint.

5.  Because this paragraph incorporates Paragraphs 1, 4-6, 9-17, and 19-24 of Count I and makes no new or other allegations, Williams incorporates by reference its responses to Paragraphs 1, 4-6, 9-17, and 19-24 from its response to Count I in response to Paragraph 5 of Count IV of the First Amended Complaint.

6.  Williams denies the allegations of Paragraph 6 of Count IV of the First Amended Complaint.

The prayer for relief following Paragraph 6 of Count IV of the First Amended Complaint, specifically Paragraphs A-K, contains no factual allegations that Williams can admit or deny. To the extent necessary, Williams denies that it is liable to the Masonry Institute and denies that the Masonry Institute entitled to any of the relief sought in Count IV.

## AFFIRMATIVE AND OTHER DEFENSES

1. Williams incorporates the foregoing responses as if fully set forth herein.

2. The collective bargaining agreements at issue in this action was entered into by and between the Omaha Bricklayers and Tuckpointers Association (the "Omaha Association") and Omaha Local No. 1. Collectively, these agreements will be referred to as the "Omaha Agreements."

3. The Omaha Agreements do not recite that they may be transferred to another union or jurisdiction. The Omaha Agreements do recite that only those terms recited in the Omaha Agreements are applicable. By their express terms, the Omaha Agreements do not apply to employees of Williams who are not members of Omaha Local No. 1. An employee who is not a union member has no entitlement to a benefit where a condition of such entitlement is membership in the union. Any contributions sought on behalf of non-union employees would be illegal under § 302 of the Labor Management Relations Act. The Omaha Agreements have always been interpreted and administered according to this understanding.

4. The geographic work jurisdiction of the Omaha Agreements cover the State of Nebraska and the counties of Pottawattamie, Monona, Carroll, Harrison, Shelby, Audubon, Adams, Fremont, Gage, Taylor, Cass, Mills, Montgomery and Ringgold in Iowa.

5. The Omaha Agreements also set forth the scope and types of work covered under the Omaha Agreements that can be performed by members of the Omaha Local No. 1.

6. If an Omaha Local No. 1 employee performs work covered by the Omaha Agreements, a certain and identified level of wages and fringe benefits is associated with and corresponds to the covered work, depending on the classification of the Omaha Local No. 1 union member as a "journeyman or an "apprentice."

7. The Omaha Agreements provide for contributions for covered work to be remitted to the Omaha Construction Industry Health & Welfare Plan (the "OCI H&W Plan"), the Omaha Construction Industry Pension Plan (the "OCI Pension Plan"), the International Pension Fund, the Masonry Institute, and the Omaha-Council Bluffs Training and Education Fund (the "OCB T&E Fund"). The Omaha Agreements do not recite any requirement to contribute to any funds other than those identified in the Omaha Agreements.

8. The Omaha Agreements also do not recite that any Employer (defined as the Omaha Association) agreed to be bound by or incorporate the terms of any trusts or other plan documents of any plan, even for plans that are identified in the Omaha Agreements.

9. Williams has had audits performed during the times identified in the Funds' First Amended Complaint and received determinations that no contributions are due or owing, as recently as May 19, 2016. Williams has also offered to make records available, again, for inspection and audit and therefore the relief sought in the First Amended Complaint has already been granted by Williams.

10. Williams has satisfied and discharged all contribution requirements due under the Omaha Agreements and applicable trusts.

11. Plaintiffs' claims are barred, in whole or in part, because they seek recovery of funds they are not legally entitled to recover under the terms of the Omaha Agreements.

12. Plaintiffs' claims are barred, in whole or in part, because they seek recovery of funds that are not required to be contributed under the terms of the applicable plan documents and trusts and are therefore sought illegally.

13. Plaintiffs are bound by their predecessor's determinations and interpretations of the Omaha Agreements.

14. Plaintiffs are bound by the previous determinations of the audits conducted of Williams' books and records.

15. Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' unclean hands.

16. Plaintiffs' claims are barred, in whole or in part, under the doctrine of estoppel, based on some or all of the Plaintiffs having knowingly represented and/or omitted or misrepresented facts contrary to the allegations in the First Amended Complaint regarding Williams' obligations (or lack thereof), with the intent that such facts, representations, or omissions be relied upon by Williams and upon which Williams reasonably relied to its detriment, as evidenced by the Plaintiffs' now contrary and inconsistent assertions and allegations.

17. Plaintiffs' claims are barred, in whole or in part, under the doctrines of waiver and/or acquiescence by the Plaintiffs' previous ratification of Williams' actions, interpretations, and contributions history and practices, with full knowledge of the basis for William's actions, interpretations, contribution history and practices.

18. Some or all of the named Plaintiffs lack standing to pursue the claims in the First Amended Complaint and/or are not the real party in interest.

19. Plaintiffs' claims, to the extent their claims arose on or after November 6, 2014, are not attributable to Williams.

WHEREFORE, Defendant Williams Restoration Company, Inc. respectfully requests that Plaintiffs' First Amended Complaint be dismissed with prejudice; Plaintiffs take nothing and Williams be awarded its cost and attorney fees incurred in defending this action; and for such other, further, and different relief as this Court deems just and equitable.

Dated this 22nd day of February 2017.

Respectfully submitted,

By: /s/ Gregory M. Bentz
Gregory M. Bentz   D. KAN. # 70358
Phillip J. R. Zeeck   D. KAN. # 78493
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
(816) 753-1000
(816) 753-1536 (Fax)
gbentz@polsinelli.com
pzeeck@polsinelli.com

and

David A. Yudelson, Neb. #23257
(admitted *pro hac vice*)
Patrice D. Ott, Neb. #24435
(admitted *pro hac vice*)
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9005 (facsimile)
David.Yudelson@koleyjessen.com
Patrice.ott@koleyjessen.com

Attorneys for Defendant.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2017, I electronically filed the foregoing with the Clerk of the United States District Court for the District of Kansas using the CM/ECF system, which caused notice of such filing to be served upon all counsel of record.

                                             /s/ Gregory M. Bentz