**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BAC LOCAL UNION 15 WELFARE
FUND, et al.,

    Plaintiffs,

v.                              CASE NO: 2-16-cv-2242-JTM-GEB

WILLIAMS RESTORATION COMPANY,
INC., et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiffs, employees and organizations in a collective bargaining agreement with Williams Restoration Company, Inc. ("Williams"), bring an Employee Retirement Income Security Act claim against Williams and alleged successor, Fox Holdings, Inc. ("Fox"). This matter comes before the court on a Motion to Dismiss (Dkt. 35) filed by Defendant Fox. For the reasons explained below, Defendant's motion to dismiss for failure to state a claim is denied.

    I.    **INTRODUCTION**

Defendant Fox Holdings, Inc. moves to dismiss the Plaintiffs' claims against it, as set forth in Plaintiffs' first amended complaint (Dkt. 30), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Fox also requests that the Court take judicial notice of the documents authenticated by the affidavits of Jordan Fox and Mark M. Schorr, which are attached to their motion to dismiss and respectively the Asset Purchase Agreement between Fox and Williams Restoration, Inc. and the National Labor Relations Boards' rulings concerning a prior dispute between Plaintiff and Defendants.

Plaintiffs allege they are entitled to relief under a theory of successor liability, and contend the complaint presents factual assertions, which taken as true, state a plausible claim for relief under the *Iqbal* standard for Rule 8 and the *Spears* standard for successor liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Spears v. Mid-America Waffles, Inc.*, No. 11-2273-CM 2011 WL 6304126 *4 (D. Kan. Dec. 16, 2011).

II.     **Legal Standard**

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1944. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 U.S. Dist. LEXIS 7811, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id*. Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id*.

In evaluating whether successor liability is appropriate, Tenth Circuit courts have considered the following factors: (1) whether the successor company had notice of its predecessor's legal obligation; (2) the ability of the predecessor to provide relief; and (3) whether there has been a substantial continuity in operations, work force, location, management, working conditions and methods of production. *Spears v. Mid-America Waffles, Inc.*, No. 11-2273-CM 2011 WL 6304126 *4 (D. Kan. Dec. 16, 2011).

*Spears* found that the following allegation supported a plausible claim for successor liability:

> 35. Ozark Waffles, LLC is a successor in interest in that substantial continuity of business operations exist between Defendants Mid-America Waffles, Inc. and Ozark Waffles, LLC in terms of the line of work, the employees, the locations, the management in place and the name in that the same operations continue under the Waffle House name.

36. Prior to the sale, a representative from Waffle House, Inc. and/or Ozark Waffles, Inc. frequently and regularly visited the facilities operated by Mid-America Waffles, Inc. to review the manner and method in which restaurant employees were performing duties.

Federal common law supports successor liability when the court finds both: (1) there is a substantial continuity of identity between the predecessor and successor business entity; and (2) the successor entity has notice of the obligation. *Upholsterers' Intl. Union Pension Fund v. Artistic Furniture of Pontiac* 920 F.2d 1323, 1329 (7th Cir. 1990). Substantial continuity of identity may be permissible when five conditions are present: (1) continuity of employees between the predecessor and successor; (2) continuity of management personnel between the predecessor and successor; (3) continuity of equipment, tools and plant between the predecessor and successor; (4) continuity of customers between the predecessor and successor; and (5) continuity of the type of work performed by the predecessor and successor. *Id.*

Courts must consider a complaint in its entirety, as well as other sources courts ordinarily examined when ruling on 12(b)(6) motions to dismiss. These may include documents referred to in the complaint if the documents are central to the plaintiff's claim and are undisputed, and matters of which a court may take judicial notice. *Tellabs*, *Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

The court may take judicial notice of adjudicative facts and facts that are not subject to reasonable dispute. Fed. R. Evid. 201(a), (b). Adjudicative facts fall into one of two categories: (1) facts that are "generally known within the territorial jurisdiction of the trial court"; or (2) facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When the interpretation of a document is subject to a reasonable dispute, and the document is being offered for the truth of its content, judicial notice of the document may be unwarranted. *See Southmark Prime Plus, L.P. v. Falzone*, 776 F.Supp. 888, 893 (D. Del. 1993) (explaining that judicial notice of a letter sent between two defendants was unwarranted because the content of the letter addressed a disputed fact and the accuracy of this fact could reasonably be questioned); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2006) (explaining that it is permissible for the court to take judicial notice of the content of SEC forms and the fact that they were filed with the SEC, but it is not proper to take judicial notice of the truth of the content of these forms or the inferences properly drawn from them).

Facts found and decisions made by the National Labor Relations Board are only persuasive authority. *Strozier v. E*Trade Fin. Corp.*, 2013 U.S. Dist. LEXIS 56226 *25 (N.D. Ga. Feb. 27, 2013).

III. **Conclusions of Law**

Plaintiffs allege Fox is Williams's successor and that as a successor, Fox is bound by a collective bargaining agreement ("CBA") that previously existed between Williams and Plaintiffs. Plaintiffs further allege that Fox's status as successor entitles Plaintiffs to relief from Fox. Plaintiffs assert two bases to support their position: (1) the language used in Article XIV of the CBA binds Williams and Plaintiff; and (2) Fox's conduct after purchasing Williams satisfies the *Spears* standard.

Plaintiffs' first amended claim is plausible on its face under the *Iqbal* and *Spears* standards because it explicitly states Fox is a successor to Williams and asserts facts, which taken as true, support a plausible claim from which a fact finder might can infer successor liability. Article XIV of the CBA provides "[t]his Agreement shall be binding on all successors… of the Employer… and [Williams] agrees this contract shall become a part of and bind the successor Employers." If Fox is a successor to Williams, then Fox is bound by the Agreement. Plaintiff *Spears* notice factor as Section 3.10 of the Asset Purchase Agreement between Fox and Williams acknowledged the CBA between Williams and BAC Local Union 15. Plaintiffs allege five factual assertions that correspond generally to the *Spears* substantial continuity factors, and correspond specifically to the substantial continuity prong of successor liability under common law, as set out in *Artistic Furniture*. Plaintiffs allege "upon information and belief, Fox, continued Williams's business and is the successor of Williams by: (a) performing the same type of work as Williams; (b) employing the same or substantially the same employees as Williams; (c) retaining the same management employees as Williams; (d) holding itself out as the successor of Williams; and (e) maintaining the same office location, equipment and customers as Williams." Plaintiffs support these assertions by alleging that Fox continued to employ bricklayers covered by the collective bargaining agreement and that the bricklayers continued to perform work covered by the CBA. If assumed as true, the factual assertions above allow the court to infer successor liability.

Judicial notice of the Asset Purchase Agreement is permissible here because its existence is not subject to dispute. Both Plaintiffs and Defendants acknowledge that the Asset Purchase

4

Agreement exists and do not dispute the text of the Agreement. Rather, the parties dispute the inferences that may be drawn from the text of the Agreement. The court may take judicial notice of the text of this Agreement without taking judicial notice of the inferences drawn from the text, which are subject to reasonable dispute.

Judicial notice of the NLRB's dismissal and denial notices is unwarranted here because these documents present facts that are subject to a reasonable dispute. Defendants request judicial notice of these documents not for the truth of any matter asserted in these documents, but to show that Plaintiffs and their counsel have knowledge of the Asset Purchase Agreement and the fact that Williams entered into it with Fox to acquire some of the assets of Williams, including its trade name, but did not assume liability under any collective bargaining agreement (Dkt. 35 Attachment 4 p. 10). While the NLRB's ruling is a public record, of which the court may take judicial notice. The NLRB ruling concerned whether Plaintiffs could show Fox assented to a collective bargaining agreement, not whether Fox may be liable to Plaintiffs under a successor liability theory. The Plaintiffs allegations in their first amended complaint are nevertheless sufficient to establish a plausible claim for successor liability. The parties may proceed with discovery.

IT IS ACCORDINGLY ORDERED this 17th day of July, 2017, that defendant's motion for dismissal (Dkt. 35) is DENIED.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE