## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BAC LOCAL UNION 15 WELFARE FUND, et. al., | CASE NO: 2:16-cv-2242-JTM-GEB |
| Plaintiffs, | |
| v. | **FOX HOLDINGS, INC.'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |
| WILLIAMS RESTORATION COMPANY, INC., | |
| and | |
| FOX HOLDINGS, INC., | |
| Defendants. | |

Defendant Fox Holdings, Inc. answers the First Amended Complaint as follows:

### Count I

1. Paragraph 1 of Count I states a legal conclusion. To the extent a response may be required, paragraph 1 is denied.

2. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, which is, therefore, denied.

3. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, which is, therefore, denied.

4. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, which is, therefore, denied.

5. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, which is, therefore, denied.

6. Denies the allegations of Paragraph 6 of the First Amended Complaint.

7. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, which is, therefore, denied.

8. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, which is, therefore, denied.

9. Denies the allegations of Paragraph 9 of the First Amended Complaint.

10. Admits Fox Holdings is a Nebraska corporation. Denies all remaining allegations of Paragraph 10 of the First Amended Complaint.

11. Denies the allegations of Paragraph 11 of the First Amended Complaint.

12. Denies the allegations of Paragraph 12 of the First Amended Complaint.

13. Denies the allegations of Paragraph 13 of the First Amended Complaint.

14. Denies the allegations of Paragraph14 of the First Amended Complaint.

15. Denies the allegations of Paragraph 15 of the First Amended Complaint.

16. Denies the allegations of Paragraph 16 of the First Amended Complaint.

17. Denies the allegations of Paragraph 17 of the First Amended Complaint.

18. Denies the allegations of Paragraph 18 of the First Amended Complaint.

19. Denies the allegations of Paragraph 19 of the First Amended Complaint.

20. Denies the allegations of Paragraph 20 of the First Amended Complaint.

21. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, which is, therefore, denied.

22. Denies the allegations of Paragraph 22 of the First Amended Complaint.

23. Denies the allegations of Paragraph 23 of the First Amended Complaint.

24. Denies the allegations of Paragraph 24 of the First Amended Complaint.

25. Fox Holdings denies all remaining allegations of Count I.

## Count II

1. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of Count II, which is, therefore, denied.

2. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, which is, therefore, denied.

3. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, which is, therefore, denied.

4. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, which is, therefore, denied.

5. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, which is, therefore, denied.

6. Fox Holdings incorporates its responses and denials to paragraphs 1, 4 – 6, 9 - 17 and 19 – 24 of Count I of the First Amended Complaint, as set forth above in this Answer.

7. Denies the allegations of Paragraph 7 of the First Amended Complaint.

8. Fox Holdings denies any remaining allegations of Count II.

## Count III

1. Paragraph 1 of Count III states a legal conclusion. To the extent a response may be required, paragraph 1 is denied.

2. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, which is, therefore, denied.

3. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, which is, therefore, denied.

4. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, which is, therefore, denied.

5. Fox Holdings incorporates its responses and denials to paragraphs, 1, 4 – 6, 9 – 17, and 19 – 24 of Count I as set forth above in this Answer.

6. Fox Holdings denies paragraph 6 of the First Amended Complaint.

7. Fox Holdings denies any remaining allegations of Count III.

## Count IV

1. Paragraph 1 of Count IV states a legal conclusion. To the extent a response may be required, paragraph 1 is denied.

2. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, which is, therefore, denied.

3. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, which is, therefore, denied.

4. Fox Holdings lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, which is, therefore, denied.

5. Fox Holdings incorporates its responses and denials to paragraphs 1, 4 – 6, 9 – 17, and 19 – 24 of Count I as set forth above in this Answer.

6. Fox Holdings denies paragraph 6 of the First Amended Complaint.

7. Fox Holdings denies any remaining allegations of Count IV and denies any other remaining allegations of the First Amended Complaint unless specifically admitted in this Answer.

## Affirmative Defenses

1. Plaintiffs fail to state a claim against Fox Holdings for which the Court may grant

relief.

2. Some or all of the Plaintiffs lack standing to pursue the claims against Fox Holdings.

3. Plaintiffs' claims are barred in whole or in part by waiver as a result of representations made by the Plaintiffs or their agents to Fox Holdings that it was not covered by a collective bargaining agreement and was not obligated to make payments into the Plaintiff-funds, including, but not limited, requesting that Fox Holdings agree to sign a collective bargaining agreement and requesting that Fox Holdings voluntarily agree to make contributions to the Plaintiff-funds.

4. Plaintiffs' claims are barred in whole or in part by estoppel arising from the acts of the Plaintiffs or their agents, which demonstrated to Fox Holdings that the Plaintiffs believed Fox Holdings was not subject to any obligations of a collective bargaining agreement or obligated to make payments into Plaintiff-funds, including, but not limited to, entrance of Plaintiffs' representatives onto Fox Holdings' job sites to market union membership to employees and to hand out union materials to encourage employees to join the union.

5. Plaintiffs' claims are barred in whole or in part because Fox Holdings does not employ any members of the BAC Local Union 15, nor does it employ any employees who were, at any relevant time, including the date of the filing of the Amended Complaint against Fox Holdings, participants in BAC Local Union 15 or the Plaintiff-funds.

6. Since BAC Local Union 15 and the Plaintiff-funds at all times prior to and during these proceedings treated its alleged agreement with Defendant Williams Restoration as a "members only" agreement, requiring payments only from or on behalf of employees of Defendant Williams Restoration who were members of the BAC Local Union 15, the Plaintiffs

are precluded and estopped from asserting any claim for payments from Fox Holdings, which does not employ any members of the Union.

7. Plaintiffs have knowingly and affirmatively waived any right to assert their claims against Fox Holdings, which at the time of the filing of this action did not employ any members of BAC Local Union 15, by virtue of the fact that the union and all of the Plaintiff-funds treated the alleged Agreement with Defendant Williams Restoration as a "members only" Agreement, thereby precluding any potential claims of successorship against Fox Holdings, which does not employ any members of any union, including BAC Local Union 15.

8. Plaintiffs' claims are barred and precluded due to specific misrepresentations made to Fox Holdings by co-Defendant Williams Restoration that it was a non-union company and that there was no current collective bargaining agreement of any kind in place at the time Fox Holdings purchased certain limited assets from Williams Restoration.

9. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

10. For the convenience of parties and witnesses, in the interest of justice, Fox Holdings reserves its right to request that these proceedings be transferred to the United States District Court for the District of Nebraska, based upon consideration of the proper forums in which the action could have been brought, accessibility of witnesses and other sources of proof, including the availability of compulsory process to ensure attendance of witnesses, costs of making the necessary proof, questions as to enforceability of judgment if one is obtained, relative advantages and obstacles to a fair trial, difficulties that may arise from congested dockets, and other consideration of fairness, justice, and practicality, including making trial easy, expeditious, and economical, to the parties.

11. Plaintiffs' allegations are made without any reasonable basis in law or fact, and

are so unfounded as to be frivolous and irresponsible, thereby entitling Fox Holdings to a complete recovery of all costs and expenses incurred in the defense of this action.

12. Pending the conclusion of further discovery, Fox Holdings respectfully reserves the right to plead other and additional affirmative defenses, which may be necessary and proper for the full defense of this matter.

WHEREFORE, Fox Holdings prays for an order of the court dismissing the First Amended Complaint with prejudice, at Plaintiffs' cost and expense, an award of attorney's fees and costs as provided by 29 U.S.C. § 1132(g), and for such other and further relief as the court may deem just and appropriate.

Dated this 21st day of August, 2017.

FOX HOLDINGS INC., Defendant.

By: /s/ *Bonnie M. Boryca*
Bonnie M. Boryca, Kan. Bar No. 24635
Erickson & Sederstrom, P.C.
10330 Regency Parkway Drive
Omaha, NE  68114-3761
(402) 397-2200
boryca@eslaw.com
Attorneys for Defendant

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 21, 2017, a true and correct copy of the above and foregoing Fox Holdings Inc.'s Amended Answer to First Amended Complaint was filed with the Court using the CM/ECF system, which will send electronic notification and link to the filing to all counsel of record.

/s/ *Bonnie M. Boryca*