# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BAC LOCAL UNION 15 WELFARE )
FUND, et al., )
)
        Plaintiffs, )
)
v. ) Case No. 16-2242-KHV-GEB
)
WILLIAMS RESTORATION )
COMPANY, INC., et al., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Fox Holdings, Inc.'s Motion for Leave to File Second Amended Answer to Add Crossclaim (**ECF No. 105**). On October 10, 2018, the Court convened a conference to address the pending motion (*see* Minute Entry, ECF No. 114). After review of the parties' briefing and hearing the arguments of counsel, the motion was **GRANTED** as fully explained below. This written ruling memorializes the oral ruling announced at the motion conference.

### I.    Background[1]

    **A.    Nature of the Case**

This case, filed in April 2016, arises from a dispute regarding employee benefit plan contributions. Plaintiffs comprise four jointly-managed multiemployer employee

---

[1] The information recited in this section is taken from the pleadings (Compl., ECF No. 1; Def. Williams Restoration Company, Inc.'s Answers, ECF Nos. 8, 33; Am. Compl., ECF No. 30; Fox Holdings, Inc.'s Answers, ECF Nos. 48, 54, 115), and from the parties' briefs regarding Fox Holdings' Motion to Amend (ECF Nos. 105, 106, 107, 108, 109, 110). This background information should not be construed as judicial findings or factual determinations.

benefit plans (BAC Local Union 15 Welfare Fund, BAC Local Union 15 Apprenticeship and Training Fund, Bricklayers and Allied Craftworkers International Pension Fund and the International Masonry Institute) and their authorized trustees (collectively, "BAC"). Defendant Williams Restoration Company, Inc. ("Williams") is a Nebraska corporation which performs waterproofing, concrete and masonry restoration, and roofing services in Nebraska and the Midwest. Defendant Fox Holdings, Inc. ("FHI") is also a Nebraska corporation, performing commercial and industrial waterproofing and concrete and masonry restoration services in Nebraska and the Midwest.

In April 2016, Plaintiffs filed suit against Williams, as the sole defendant, claiming Williams was obligated by collective bargaining agreement to pay fringe benefits contributions for its employees. In their initial Complaint, BAC alleged Williams insufficiently contributed to the employee benefit plans in violation of certain ERISA[2] statutes. Through the lawsuit, Plaintiffs sought an audit to determine Williams' actual contributions and whether it submitted the required written reports for each covered employee. Plaintiffs claim Williams failed to pay, or submit the reports as required, from January 1, 2013 to date.

Prior to the lawsuit, on or about November 7, 2014, Williams sold its assets to FHI. During the course of discovery in this case, Plaintiffs realized FHI may also be liable for employee benefit plan contributions. Plaintiffs sought to amend the Complaint

---

[2] Employee Retirement Income Security Act, 29 U.S.C. § 1132 and 29 U.S.C. § 1145. Additionally, Section 209 of ERISA, 29 U.S.C. §1059, imposes certain recordkeeping requirements upon employers. Plaintiffs assert Williams was required by Section 515 of ERISA to make the contributions, and Section 502 of ERISA entitles Plaintiffs to a mandatory award of the unpaid contributions, along with interest and liquidated damages and attorney fees and costs.

to add FHI as a defendant, which Williams did not oppose. (See ECF Nos. 23, 24, 28, 29.)

In the Amended Complaint, Plaintiffs allege FHI is a successor to Williams and is therefore liable for Williams' contractual obligations. (ECF No. 30, filed Feb. 8, 2017.) But FHI, in its Answer and Amended Answer, alleges through its affirmative defenses Williams made misrepresentations during the asset purchase negotiations. FHI contends Williams presented itself as a non-union company, and told FHI there "was no current collective bargaining agreement of any kind in place" the time of sale. (ECF Nos. 48, 54; filed July 31 and Aug. 21, 2017, respectively.)

### B.  Procedural Posture

An initial Scheduling Order was filed in October 2016 and the parties engaged in discovery. On multiple occasions—including after the addition of FHI—the parties either jointly sought extensions of time to respond to discovery, or did not oppose motions to do so. (*See* ECF Nos. 29, 57, 75, 79, 90.) Then, in June 2018, Williams requested a conference with the Court, seeking a stay of the upcoming discovery, expert, and pretrial deadlines, while it reportedly engaged in settlement discussions with Plaintiffs. (*See* ECF No. 92.) Williams' request was granted (ECF No. 96), and the Court reconvened the parties one month later to establish a second revised schedule. (*See* Second Revised Scheduling Order, ECF No. 103.) During that conference, FHI announced its intent to file either a state court action against Williams in Nebraska, or seek to add a crossclaim to this action. The Second Revised Scheduling Order set a

deadline of July 27, 2018 to file motions for leave to amend the pleadings, and on July 27, FHI filed the instant motion (ECF No. 105).

## II. Motion for Leave to File Second Amended Answer to Add Crossclaim (ECF No. 105)

FHI requests leave to file a Second Amended Answer (first amended answer filed 8/21/17, ECF No. 54) to add a crossclaim against Williams. According to FHI, during the 2014 negotiations prior to its purchase of Williams assets, Williams' owner, Jeff Williams, stated only a few employees belonged to a union. He said the company was non-union, and although there may have been a union contract many years prior, it was no longer valid. FHI claims it requested a copy of the union contract, but none was produced. Then, after this lawsuit was filed, FHI discovered Jeff Williams signed a contract with a Nebraska union in July 2012 and 2013 which remained effective until May 2016. FHI discontinued payments it had been making to the Plaintiff funds, and determined it had no obligations to any union for lack of a valid agreement. This resulted in litigation against FHI in National Labor Relations Board ("NLRB") proceedings, as well as this lawsuit.

The proposed crossclaim includes state contract claims, governed by Nebraska law, over which FHI asks this Court to take supplemental jurisdiction under 28 U.S.C. § 1367(a). The crossclaim includes a jury demand, and contains claims for 1) fraudulent misrepresentation; 2) negligent misrepresentation; 3) fraudulent concealment; 4) breach of contract and indemnification; and 5) contribution. Essentially, FHI expands its earlier affirmative defenses, claiming it made clear to both the sale broker and Williams that it

was interested only in purchasing a company without union contracts in place. FHI maintains Williams did not disclose the current collective bargaining agreement and misrepresented its involvement in such a contract.

A. **Legal Standards**

The parties cite to three applicable Federal Rules of Civil Procedure in their briefing: Fed. R. Civ. P. 13, which addresses the filing of counterclaims and crossclaims; Rule 15, which establishes the standard for amending pleadings, and Rule 16, which provides the general framework for pretrial management but outlines the necessity of good cause for modifying a schedule.

In its memorandum in support of its motion, FHI discusses the Rule 13(g) standards for filing a crossclaim against a coparty. (ECF No. 107 at 13-14) The rule permits a "claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim," and permits a crossclaim to "include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."[3] However, neither Williams nor Plaintiffs mention Rule 13 in their briefing, or appear to take issue with the permissiveness of the crossclaim, under Rule 13, so an in-depth discussion of the rule is unnecessary.

Plaintiffs contend the Court should apply Rule 16(b)(4) in its analysis, because FHI is seeking to amend after the Revised Scheduling Order deadline for amendment passed. (Pls.' Mem., ECF No. 110 at 6.) Plaintiffs argue the (first) Revised Scheduling

---

[3] Fed. R. Civ. P. 13(g).

Order filed September 22, 2017 did not include a deadline to amend the pleadings because the parties represented to the Court that amendments to the pleadings were not contemplated. (*Id.*) But Plaintiffs base their argument on a prior schedule. During the July 18, 2018 conference, the Court discussed the issue and specifically set a short time frame in which FHI must file any anticipated motion to amend—setting a deadline of July 27, 2018—and FHI met that deadline. (See Second Revised Scheduling Order, ECF No. 103.) Plaintiffs' request to bar the amendment based upon Rule 16 is rejected.

Therefore, the only rule which the Court must analyze to decide the motion is Fed. R. Civ. P. 15, which provides the well-established standard by which this motion is considered. A party may amend its pleading as a matter of course under Rule 15(a)(1) within 21 days after serving it. However, in cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent, a party may amend a pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[4] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[5] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of

---

[4] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013) report and recommendation adopted, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

civil procedure to encourage decisions on the merits rather than on mere technicalities."[6] The Tenth Circuit has respectfully made clear, and this Court has repeatedly acknowledged, that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[7] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[8]

B. Discussion

FHI argues substantial facts revealed during discovery support its proposed crossclaim against defendant Williams. FHI contends the facts were not known when it filed its earlier answers, so it was unable to assert the crossclaim at an earlier time, and no party will be prejudiced by the filing of the crossclaim. It also suggests, in the interest of judicial economy, all claims arising from Plaintiffs' Complaint should be heard together in a single proceeding.

All Plaintiffs and codefendant Williams oppose the amendment and proposed crossclaim. They each contend FHI knew or should have known of the alleged facts on which it bases its crossclaim long before it sought amendment, and undue delay alone should bar the crossclaims. Additionally, they reason the proposed crossclaim is futile

---

[6] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).
[7] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)). *See also Somrak v. Kroger Co.*, No. 17-2480-CM-GEB, 2018 WL 1726346, at *1 (D. Kan. Apr. 10, 2018) (granting plaintiff's motion to amend her complaint); *Endecott v. Commercial Floorworks, Inc.*, No. 16-2190-JTM-GEB, 2017 WL 1650814, at *1 (D. Kan. May 2, 2017) (granting defendants' motion to leave to amend their answer to include a counterclaim).
[8] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

because it is directly and clearly contradicted by documentary evidence. Plaintiffs and Williams argue the crossclaim is a change of tactics and theories, which prejudice them by making the case unduly difficult to defend at this late stage of proceedings, and would require more extensive additional discovery than FHI suggests. Plaintiffs also maintain the crossclaim is premature, because FHI's claim against Williams is contingent upon Williams' own liability, and Williams' liability has not been established. The arguments raised by the parties are addressed in turn.

### 1. Timeliness / Undue Delay

FHI asserts it timely requested amendment, according to the latest scheduling order, and it did not truly know it would be necessary to file a crossclaim until more recent events occurred. First, it contends it gathered information through discovery which supported its potential crossclaims. Although it was provided a union agreement by email on October 22, 2014 (*see* ECF No. 109 at 5-6, ¶¶ 6, 16) during the negotiations between FHI and Williams, FHI contends the document was only a blank, form agreement, and Jeff Williams said no current, signed agreement existed. It was not until Jeff Williams' deposition, the deposition of the broker representative, and receipt of Jeff Williams' NLRB affidavit during discovery that FHI determined Jeff Williams' depiction of the sale negotiations and related discussions was very different from its own understanding. In addition to learning this information during discovery, FHI realized during the June 2018 conference with this Court that Williams was pursuing settlement with Plaintiffs, which created a sense of urgency and caused FHI to reevaluate its position. FHI admits it had some idea of the potential crossclaims—as demonstrated by

8

the defenses included in its earlier answers—but as the statute of limitations drew near, and it gathered more information, it became clear that it would need to file either a crossclaim in this action or a state court action.

Williams argues the deposition of Jeff Williams took place in December 2017, so FHI has known for months of Mr. Williams' testimony. Similarly, Plaintiffs contend it disclosed the signed union agreement in its initial disclosures in May 2017. All argue there was an apparent crossclaim brewing ever since FHI was added to the case in February 2017. Williams cites the Tenth Circuit case of *Warnick v. Cooley*[9] for the proposition that undue delay alone is sufficient reason to deny FHI's motion. Plaintiffs cite the Tenth Circuit case of *Duncan v. Manager, Dept. of Safety, City and County of Denver*,[10] and a more recent case from this district, *McCoy v. Heimgartner*[11] to support their arguments regarding delay. All three cases, however, are distinguishable.

The court in *Warnick* was faced with a three-year span between Warnick's initial complaint and his request for amendment.[12] And in *Duncan*, plaintiff filed a motion to supplement her complaint two years after her initial complaint, and attempted to allege improprieties by defendant's attorney.[13] Although the district court briefly mentions timeliness as a factor, it ultimately denied the motion as an attempt to introduce new,

---

[9] *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018).
[10] *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).
[11] *McCoy v. Heimgartner*, No. 17-3014-SAC, 2018 WL 1083257 at *2 (D. Kan. Feb. 28, 2018).
[12] *Warnick*, 895 F.3d at 755.
[13] *Duncan*, 397 F.3d at 1315.

inadmissible evidence without new claims, which the appellate court upheld.[14] In *McCoy*, the plaintiff tried to amend his complaint to include new constitutional claims, after the court had previously dismissed similar claims.[15] The court found plaintiff offered no explanation why his proposed allegations were based on new evidence unavailable at the time of filing the original complaint, and found the plaintiff was making the complaint a "moving target."[16] Although each of these cases is good law, all are distinguishable from the facts before this Court.

On review of the progress of this case, overall, the Court notes discovery was stayed pending a decision on FHI's motion to dismiss. (*See* ECF No. 38.) The first scheduling order including FHI was filed in September 2017 (ECF No. 57), so FHI's active involvement in the case spanned approximately 10 months from scheduling to its current motion, filed July 27, 2018. Not only has FHI been involved for just a portion of the life of this case, but all parties have played a part in multiple continuances; most recently, the stay of all deadlines to accommodate settlement discussions between Plaintiffs and Williams. Any delay the case has encountered would not lie solely at FHI's feet.

And, even if the initial disclosures indicated the existence of the signed contract, the Court understands that discovery often crystallizes a party's position. The later depositions of Jeff Williams, and the broker representatives in March 2018, coupled with disclosure of the NLRB affidavits in February 2018—makes it reasonable to believe it

---

[14] *Id.*
[15] *McCoy*, 2018 WL 1083257 at *2-*3.
[16] *Id.* at *3.

was mid-2018 before FHI may have been certain about its claims. Only four months passed between the broker deposition and FHI's request to amend—and at least one month of that period, the case was stayed at Williams' request.

At the same time Plaintiffs contend FHI unduly delayed in seeking its amendment, Plaintiffs also maintain the crossclaim is premature, because FHI's claim against Williams is contingent upon Williams' own liability—which has yet to be determined. But Plaintiffs cannot convincingly claim the amendment is simultaneously too late and too soon.

FHI timely filed its motion for leave to amend by the deadline established in the Second Revised Scheduling Order, and it provided sufficient explanation for its delay in filing the motion. Therefore, the Court finds the delay was not undue, and will not deny the motion on the basis of untimeliness under Rule 15(a)(2).

### 2. Undue Prejudice

As the parties opposing the amendment, Plaintiffs and Williams bear the burden to demonstrate undue prejudice within the meaning of Rule 15.[17] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[18] While any amendment

---

[17] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).
[18] *Id.* (citing *U.S. v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter,* 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).

invariably causes some "practical prejudice," undue prejudice means the amendment "would work an injustice to the defendants."[19]

Williams argues the proposed amendment is unduly prejudicial, because FHI has an alternative forum (the Nebraska state court) to resolve any potential claims. Additionally, a jury trial would impose additional burdens on the parties and the Court, and the change in FHI's theories would require a large amount of additional discovery, with discovery set to close on November 30. Plaintiffs agree, and contend the addition of jury-tried claims will also unnecessarily delay and complicate this otherwise straightforward ERISA contribution action.

FHI insists it does not need much additional discovery on its crossclaim, aside from possible damages discovery and minimal follow-up written discovery to Williams. Because the deadlines in this case were modified only a week before it filed its motion, FHI maintains this is a good time to add its claims. FHI says its crossclaim should only increase the length of trial by one additional day, and testimony on the crossclaim will overlap with testimony to defend the successor liability claim. FHI asserts it will be prejudiced by having to file the action against Williams in Nebraska state court, rather than saving the time and costs of litigating in two separate forums by filing the crossclaim in this case, and wants to do so before Williams gets out of the case.

Plaintiffs make a an "innocent bystander" prejudice argument—that the addition of the crossclaim by FHI against Williams, with its attendant jury demand, will unnecessarily complicate its otherwise straightforward Section 515 ERISA action. But,

---

[19] *Id*. (citing *Sturdevant,* 2008 WL 4198598, at *3; other internal citations omitted).

as FHI points out, this is not a "pure" ERISA claim, and has not been, since the addition of FHI and the insertion of the successor liability component to the litigation.

Considering this "most important factor,"[20] the Court finds that, while Plaintiffs and Williams show some practical prejudice, they do not demonstrate prejudice sufficient to prohibit the proposed amendment. FHI's proposed crossclaim does not require the addition of new parties, and its position has been apparent—even without a crossclaim—since the filing of its motion to dismiss and the assertion of defenses in its Answers. And although the discovery deadline will be adjusted, the Court can control the scope and length of discovery to ensure this case moves to trial as swiftly as possible. The discovery required on the crossclaim should not be extensive, and all parties will be permitted equal opportunities to conduct meaningful discovery.

Plaintiffs and Williams' claims of prejudice largely focus on the rescheduling of deadlines and potential for additional discovery. But equally important to this Court is, whether FHI asserts its crossclaims in this action, or in the state court action recently filed in Nebraska,[21] it is clear FHI intends to make those claims, which Williams must then defend in one forum or the other. Although consideration of prejudice to the moving party is not the standard by which the Court view the prejudice of amendment, allowing

---

[20] *Minter*, 451 F.3d at 1207 (noting, "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.")

[21] During the motion conference held October 10, 2018, counsel for FHI disclosed that, in an effort to preserve the statute of limitations on at least one of its claims, after it filed its current motion, it filed a state court action in Nebraska. The action has not yet been served on Williams. The claims in the Nebraska action are essentially identical to the crossclaim proposed in this action, so after the Court informed the parties it intended to grant FHI's motion, counsel for FHI represented it would not pursue the Nebraska action.

FHI to bring its claims within this case, already in progress, furthers the interests of economy and efficiency for both the Court and the parties. For the above reasons, the Court will not deny FHI's motion on the basis of undue prejudice.

### 3. Futility

Finding FHI demonstrated good cause for its delay in seeking amendment, and no undue prejudice exists, the Court next considers whether the amendment would be futile. As the party opposing amendment, Plaintiffs and Williams bear the burden of establishing its futility.[22] "A proposed amendment is futile if the amended answer containing a [crossclaim] would be subject to dismissal."[23] The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[24] Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[25] should the court find the amendment futile.

---

[22] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).
[23] *BAC Local Union 15 Welfare Fund v. McGill Restoration, Inc.*, No. 16-CV-2082-JAR-TJJ, 2016 WL 7179464, at *3 (D. Kan. Dec. 9, 2016) (citing *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008)).
[24] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).
[25] *Id*. (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

Williams argues the proposed amendment is futile because "no reasonable fact finder could credit FHI's crossclaims." (ECF No. 109 at 8.) Williams relies on extraneous documents, emails between the companies' management and the sale broker around the time of the sale, and the asset purchase agreement itself to support its claim that FHI knew there was a current union contract in place, before FHI purchased Williams' assets. (*See* ECF No. 109, at 9-15.) Williams insists because these documents show FHI knew about the union contract, FHI cannot plausibly claim it relied on any allegedly false statements by Williams. Plaintiffs adopt Williams' arguments, noting the "asset purchase agreement is just one piece of evidence in the record that appears to be fatal to [FHI's] [cross]claim." (ECF No. 110 at 6.)

Equally applicable to Williams and Plaintiffs' futility arguments is a singular concern: their contentions and authority seem to apply a heightened standard to the issue of amendment. But these arguments address the merits of FHI's crossclaim, not whether it would withstand a motion to dismiss. The motion for leave to amend pleadings is not the appropriate context in which to analyze the validity or applicability of the numerous documents and communications surrounding the asset sale between FHI and Williams. At this stage, FHI is not required to prove its allegations with evidence, but is merely required to articulate in a plausible fashion its claims against Williams, which it has done.

Courts in this district have generally confined their futility analysis to a Rule 12(b)(6) analysis—as opposed to a Rule 56 summary judgment analysis—and refused to examine evidence or affidavits, outside the pleadings, when determining futility of

amendment. For example, in *Szczygiel v. Kansas*,[26] the court acknowledged the potential strength of the defendant's argument, under a summary judgment standard, but clearly distinguished its analysis on the motion to amend from a later summary judgment standard. Likewise, in *Walker v. Axalta Coating Sys., LLC*,[27] the court found the proposed amendment not clearly frivolous, and noted defendants were not "precluded from reasserting their arguments in a motion under Rule 12(b)(6) or Rule 56."[28]

Applying the standards for consideration of amendment under Rule 15, and construing all reasonable inferences from those facts in favor of FHI,[29] the Court cannot conclude that the proposed crossclaim could not withstand a motion to dismiss. FHI's proposed pleading contains enough information to support a claim which is plausible on its face.[30] Exercising a pleading standard, rather than the more stringent standards suggested by Williams, the Court cannot, at this juncture, definitively find FHI's proposed amendment is futile.

### C. Conclusion

No party claims the proposed crossclaims is sought in bad faith; therefore, the Court does not analyze this Rule 15 factor. Because this Court finds the proposed amendment timely; determines FHI's proposed crossclaim is not futile, on its face; and

---

[26] *Szczygiel v. Kansas*, No. 14-CV-3011-EFM, 2015 WL 630570, at *3, n. 23.
[27] *Walker v. Axalta Coating Sys., LLC,* No. 14-2105-JAR-JPO, 2015 WL 685834, at *3 (D. Kan. Feb. 18, 2015) (finding the issue of punitive damages more appropriately addressed at a later stage in the case by the presiding U.S. District Judge).
[28] *Id.*
[29] *Gardner Grp., LLC v. Commonwealth Land Title Ins. Co.*, No. 15-9934-CM, 2017 WL 193165, at *3 (D. Kan. Jan. 18, 2017) (citing *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).
[30] *Twombly*, 550 U.S. at 556, 570.

finds its filing would result in merely practical, rather than undue, prejudice, the Court in its discretion will allow FHI to amend its answer under Rule 15(a) and assert its crossclaim under Rule 13(g). The Court prefers the case to proceed on its full merits,[31] and in the interests of justice, FHI's motion is granted.

**IT IS THEREFORE ORDERED** that defendant Fox Holdings, Inc.'s Motion for Leave to File Second Amended Answer to Add Crossclaim (**ECF No. 105**) is **GRANTED** as announced at hearing. FHI was ordered to file its amended pleading on or before October 12, 2018, and has done so. (Second Am. Answer and Crossclaim, ECF No. 115).

**IT IS FURTHER ORDERED** that the parties' expert deadlines are stayed pending further order. The parties recently submitted a proposed schedule by joint motion (ECF No. 118).

**IT IS FURTHER ORDERED** that the undersigned U.S. Magistrate Judge will conduct a supplemental scheduling conference on **October 31, 2018 at 11:00 a.m.** This will be dial-in telephone conference, and participants must call the conference line at **1-888-363-4749**, using **access code 9686294**.

---

[31] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 26th day of October, 2018.

                                           s/ Gwynne E. Birzer
                                          GWYNNE E. BIRZER
                                          United States Magistrate Judge